Price, J.
The plaintiff in error was indicted and tried in the court of common pleas for unlawfully cutting timber with intent to defraud the owner thereof. On conviction by a jury, the court assessed a fine of fifty dollars and the costs of prosecution, and ordered that Buck stand committed to the workhouse at Columbus until said fine and costs be paid. A motion for new trial was overruled and a bill of exceptions prepared and filed with a petition in error in the circuit court. Several grounds of error were laid in the petition, which could appear only in the bill of exceptions.
On ■ motion for that purpose, the circuit court struck the bill of exceptions from the files because *396 it was not signed by the trial judge as required by law. The more specific reason appears to be, that while the trial judge signed a certain certificate on the cover embracing the bill, there is no certificate of allowance at the end thereof.
A blank form was used in preparing the bill for signing, which contains brief instructions as to time and notice of filing, etc., which blank when filled, and the bill delivered to the clerk, has the title, “The State of Ohio v. Daniel Buck — Bill of Exceptions.”
After this title come the following entries on the cover:
“Date of the overruling or decision January 28, • 1907. . “D. M. Soliday, Clerk.”
“Exceptions filed with clerk of trial court February 21, 1907. “D. M. Soliday, Clerk.”
“Notice of filing February 25, 1907.
“D. M. Soliday, Clerk.”
Under this is a written consent of counsel for the state, that bill of exceptions might be immediately transmitted to the trial judge. Then follows:
“Transmitted to the trial judge February 25, 1907. “D. M. Soliday, Clerk.”
“Received February 25, 1907.
“Geo. E. Martin,
“Trial Judge.”
“Corrected and allowed this 25th day of February, 1907. “Geo. E. Martin,
“Trial Judge.”,
*397 “Transmitted back to clerk February 25, 1907.
“Geo. E. Martin,
“Trial Judge.”
“Received again by clerk February 25, 1907.
“D. M. Soliday, Clerk.”
• These entries so made on the face of the first page of the cover are correctly copied in the record as either journal or docket entries, which show a complete identification of the bill of exceptions.
Is it a valid bill of exceptions ?
The practice as to preparing, filing and transmitting a bill of exceptions is regulated by Section 5301, Revised Statutes, which provides how exceptions may be taken and filed and the time within which the same must be filed.
When the bill is filed with the clerk of the court, it is made his duty to notify the adverse party or his attorney of such filing, and the adverse party, within ten days after such notice, may file any objection or amendment he may propose to the bill, for the correction thereof. The objections or amendments, or both, if any, must be transmitted with the bill to the trial judge or judges as required by said section.
Section 5301a, Revised Statutes, reads: “It shall be the duty of the-trial judge or judges, upoh the receipt of the bill, to endorse thereon the date it was received, and within five days thereafter to correct the same if necessary, and allow and sign such bill, and immediatelv transmit or cause to be transmitted to the office of the clerk from whom the same was received, said bill and the amendments or objections thereto, if any.”
*398 Then follows a provision as to the absence from the district or circuit of the trial judge or judges when the bill is ready for transmission, and also the steps to be taken in the event of the sickness, death, or other disability of such trial judge; also a provision for extension of time of signing by the judge or judges.
Section 5301 & prescribes what entries shall be made on the appearance docket respecting the bill of exceptions.
Section 5302 provides: “It shall not be necessary to cause an entry to be made upon the journal of the court of the settling, allowance and signing of any bill of exceptions; but the signature of the trial judge, or other judge mentioned in Section 5301a, allowing, settling and signing such bill shall be sufficient evidence of such fact.” In these sections we have the simplified procedure respecting the preparation, filing, transmission, allowing and signing bills of exceptions.
There is no claim in this case that the certificate of the trial judge endorsed on the first page of the cover is insufficient in form or substance, but the claim is that it should be at the end of the bill and not elsewhere.
There is nothing said in the statute, about where the certificate should or must be placed. While, as a general rule, it is placed at the end of the bill, we find no fixed rule on the subject. The trial judge, when he receives a bill of exceptions,-is required to endorse thereon the time of its receipt. His further duties are specifically pointed out, and having made necessarv corrections, he is required to “?llow and sign such bill and immediately transmit,” etc.
*399 The first page of the cover is made a part of the bill and contains the endorsements and entries required by the statute, and these correspond with the entries made upon the appearance docket. In fact, they are copied on the docket. In this way the page of the bill bearing the above endorsements became part of the bill. They are officially signed — some by the clerk of the court, the others by the trial judge — and the genuineness of their signatures is not challenged. No objections or amendments were offered to the bill and it was therefore conceded to be correct. Every circumstance tends to prove that the trial judge intended to execute a proper certificate of the allowance and signing of the bill, and the evidence of his intention is expressed over his signature on a page of the bill set apart for that purpose. We think the statute has been satisfied in all substantial respects, and that the circuit court erred in sustaining the motion to strike the bill from the files. We reverse the ruling on that motion and the motion is overruled. The judgment of affirmance is vacated and the case is remanded to the circuit court with directions to read, consider and pass upon the bill of exceptions.

'Judgment vacated. ■

Crew, C. J., Summers, Spear, Davis and Shaucic, JJ., concur.